```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KWAUHURY GOVAN,                                        :

                      Plaintiff,                    :      08 Civ. 4831 (BSJ) (DF)

   -against-                                          :      **ORDER**

THOMAS ISNARDI, et al., .                              :

                 Defendants.                       :
-----------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

This prisoner civil rights action was commenced by *pro se* plaintiff Kwauhury Govan

("Plaintiff") nearly two years ago.  Plaintiff, however, apparently never arranged for the service

of the Summons and Complaint on Defendants, and the case has long been inactive.  Despite the

fact that the Court attempted to inform Plaintiff of his need to effectuate service in a timely

manner, and the fact that the Complaint may well be subject to dismissal for failure to prosecute,

there are extenuating circumstances here which suggest that, in the interest of justice, Plaintiff

should now be permitted to proceed with the action.  Thus, for the reasons set forth below,

Plaintiff's motion seeking leave to proceed (Dkt. 10) is granted, and the Court's *Pro Se* Office is

directed to provide Plaintiff with an Amended Summons and the other paperwork that he would

need to enable the U.S. Marshals Service to serve Defendants with process.

## DISCUSSION

Plaintiff filed the Complaint in this Section 1983 action in May 2008.  Plaintiff was

incarcerated at the time, and he alleged that, on April 10, 2008, during his incarceration,

Defendants physically assaulted him, breaking his elbow and causing serious bruising.

1

Copies mailed  4/21/10
Chambers of Magistrate Judge Freeman

By letter dated June 18, 2008 (Dkt. 4), the Court notified Plaintiff, who was proceeding

*in forma pauperis*, that he was required to arrange for service of the Summons and Complaint by

filling out and forwarding to the U.S. Marshals Service the forms provided by this Court's

*Pro Se* Office.  In addition, the Court's letter informed Plaintiff that, under Rule 4(m) of the

Federal Rules of Civil Procedure, he was required to effectuate service of process by

September 22, 2008, or show good cause why service could not be accomplished by that date,

and that, if he did not do so, this Court would recommend dismissal of the action.[1]

The September 22, 2008 date came and passed with no indication on the Court's Docket

that service had been made.  It appears from the Docket, however, that Plaintiff may never have

received the Court's June 20, 2008 letter.  While that letter was not returned to the Court as

undeliverable, Plaintiff sent the Court a memorandum on June 23, 2008 – only three days later –

indicating that he had been transferred to a different facility.  (Dkt. 6.)  Moreover, Plaintiff sent

the Court two more memoranda, over the following two months, indicating two additional prison

transfers.  (Dkts. 7, 8.)

This Court did not receive any further communications from Plaintiff until recently, when

the Court came to realize that there had been no activity on the case for a long period of time.

---

[1] As of the date of the Court's letter, Rule 4(m) of the Federal Rules of Civil Procedure
provided, in relevant part, the following:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the
> court, upon motion or on its own initiative after notice to the
> plaintiff, shall dismiss the action without prejudice as to that
> defendant or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the
> court shall extend the time for service for an appropriate period.

The Court attempted to reach Plaintiff, but learned that he had been released from custody. Nonetheless, the Court was able to contact Plaintiff's parole officer, who in turn contacted Plaintiff to inquire about the status of this matter. Once contacted, Plaintiff wrote to the Court again, providing his new address, and asking that his case be "reactivat[ed]." (*See* Dkt. 10 (stating that "I, Kwauhury Govan, . . . respectfully move this Court to issue an order to reactivat[e] the cas[e].").)

As Plaintiff is proceeding *pro se,* as he may have never received the Court's notice regarding his need to effectuate service under Rule 4(m), and as he has now manifest a desire to proceed with this action, the Court will, in its discretion, afford him with the opportunity to do so. Accordingly, Plaintiff must now arrange to serve his Complaint, together with an Amended Summons, on Defendants. If service is not made within 60 days of the date of this Order (that is, by June 21, 2010), or if Plaintiff fails to show good cause for his failure to serve Defendants by that date, then I will recommend to Judge Jones that his action be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (requiring timely service) or pursuant to Rule 41(b) (allowing dismissal for failure to prosecute).

Plaintiff is also cautioned that he must keep the Court apprised of any changes to the address and telephone number where he may be reached. Failure to do so may also result in dismissal of the action.

## CONCLUSION

For the reasons stated above, Plaintiff's motion seeking leave to proceed with this action (Dkt. 10) is granted. The Court's *Pro Se* Office is directed to arrange for the issuance of an Amended Summons, and to provide it to Plaintiff, together with any other paperwork that would

enable him to take the appropriate steps to effectuate service. Plaintiff is directed to arrange for

service to be made by June 21, 2010.

Dated: New York, New York
       April 21, 2010

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

*Pro Se* Office, S.D.N.Y.

Hon. Barbara S. Jones, U.S.D.J.

Mr. Kwauhury Govan
723 Park Place, #2A
Brooklyn, NY 11216